# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRYAN APONTE LUCIANO,      :      CIVIL NO. 1:CV-09-01362

           **Plaintiff**      :      **(Judge Rambo)**

      **v.**      :

**SUPERINTENDENT DAVID A.**      :
**VARANO,** *et al.,*      :

         **Defendants**      :

# O R D E R

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Bryan Aponte Luciano, an inmate currently confined at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI-Houtzdale"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on July 15, 2009. (Doc. 1.) Plaintiff names sixty-six (66) defendants employed by the Department of Corrections ("DOC") and working at Plaintiff's former place of confinement, the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"). The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons that follow, Plaintiff will be required to file an amended complaint within twenty (20) days of the date of this order.

As stated above, the instant complaint as filed names 66 defendants. It appears to set forth a number of claims relating to an alleged assault by unnamed SCI-Coal Township staff. Plaintiff complains that SCI-Coal Township staff have denied him

food, clothing, and medication since being assaulted, and have obstructed his efforts to seek legal assistance. However, the complaint does not set forth any time frame for these allegations, nor does it sufficiently allege personal involvement by each defendant and the particular conduct of the defendants purported to have harmed Plaintiff. Thus, the complaint, as written, is difficult to decipher and it would be difficult to require a response from all 66 defendants.

In preparing his amended complaint, Plaintiff is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

As stated above, the complaint, as it stands now, does not sufficiently allege each defendant's personal involvement or state that any conduct attributable to each of them amounted to a violation of Plaintiff's constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (in order to state a viable claim

under § 1983, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim).  To meet the standards set forth in Rule 8, Plaintiff's amended complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Plaintiff is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations.  *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

Plaintiff is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, the original complaint will be addressed on the merits.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1) Plaintiff's motion to proceed *in forma pauperis* (Docs. 2 & 6) is

**GRANTED**.

2) Plaintiff shall file an amended complaint on or before September 8, 2009.

Failure to timely file an amended complaint may result in a dismissal of the action.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: August 17, 2009.