IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRYAN APONTE LUCIANO,           :
                                :
          Plaintiff             :          CIVIL NO. 1:CV-09-01362
                                :
     v.                         :          (Judge Rambo)
                                :
D.A. VARANO, et al.,            :
                                :
          Defendants            :

# M E M O R A N D U M

On July 15, 2009, Plaintiff Bryan Aponte Luciano ("Luciano"), an inmate confined at SCI-Houtzdale, filed the captioned civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) All of Luciano's claims stem from a period of his incarceration spent at SCI-Coal Township. Luciano originally named sixty-six Defendants in his complaint, and alleged that these Defendants harassed, intimidated, threatened and assaulted him, as well as, denied him necessities, access to court, and tampered with his mail.

The court screened the case pursuant to 28 U.S.C. § 1915, found the complaint insufficient, and ordered Luciano to file an amended complaint. (Doc. 9.) On September 8, 2009, Luciano filed an amended complaint. (Doc. 11.) In his amended complaint, Luciano names the following Defendants: Kandis Dascani, Robert McMillan, David Varano, Cindy Watson, L.S. Kerns-Barr, Therese Jellen, James

Lindberg, Kathryn McCarty, Joseph Mushinski, Edward Baumbach, David McCoy, Jeffrey Fago, Jeffrey Madden, and Joseph Piazza.[1]  Each of these Defendants is either a present or former employee of the Pennsylvania Department of Corrections, and are collectively referred to herein as the "Corrections Defendants."

On November 18, 2009, the Corrections Defendants filed a motion to partially dismiss Luciano's amended complaint.  Specifically, the Corrections Defendants assert that Luciano's claims against them in their official capacities should be dismissed because they are immune from suit pursuant to the Eleventh Amendment to the United States Constitution.  They also argue that Plaintiff's claims against them in their individual capacities, except those claims against Defendants Fago and Madden, should be dismissed for failure to state a claim upon which relief can be granted.  For the reasons that follow, the court will grant Defendants' motion to dismiss, but will permit Plaintiff a limited right to further amend his complaint.

## I.    **Background**

---

[1]Luciano also sued Dr. Ikram, but he is not represented by the counsel who filed the instant motion to dismiss as he is neither a present nor former employee of the Pennsylvania Department of Corrections.  Accordingly, the court will not address Plaintiffs' allegations against Dr. Ikram in this memorandum.  The court also notes that it received a letter from Plaintiff dated January 13, 2010, (Doc. 28), requesting that the court provide him with Dr. Ikram's address so that he could effect original service of process.  First, it is not the court's role to locate a defendant.  Second, even if the court were permitted to assist Plaintiff in this regard, the court does not know who Dr. Ikram is or where he can be found.

In his amended complaint, Luciano brings a plethora of allegations against Defendants. Each Defendant is sued in his or her official and individual capacities. Luciano makes the following allegations:

Luciano alleges that Defendant Joseph Piazza has "provided inadequate training, [unprofessional] supervision and [discipline] to deputies under his authority." (Amend. Compl., Doc. 11, ¶ 1.) Luciano alleges that he complained to Piazza about "the abuse, threats, and basic necessities that [were] happening against me." (*Id.*)

As to Defendant David Varano, Luciano alleges that "he had Good Knowledge of my complaints and the [hazardous] situation Plaintiff was in and did Nothing to stop the abuse." (*Id.* ¶ 2.) Luciano also asserts that Varano is responsible for "not letting me go to the Law Library," although he is not specific as to how or when Varano prevented his access. (*Id.*)

As to Defendant Kandi Dascani, Luciano alleges that Dascani was the grievance coordinator, and she "never . . . wanted to speak to me . . .[a]nd she was [discriminating] most of my [grievances] saying they were to[o] long, or you cannot includ[e] to[o] many Officer[s] and Staff in one grievance." (*Id.* ¶ 3.)

Luciano asserts that he spoke to Defendant J.T. Mushinski on many occasions about his situation, but that Mushinski never corrected the problem. (*Id.* ¶ 4.) He also

asserts that on August 20, 2007, he was assaulted by Sergeant Burns[2] and that he reported the assault to Mushinski who did nothing. (*Id.*)

Luciano claims that he spoke to Defendant Edward Baumbach about the conditions in the Restricted Housing Unit, and about the fact that various corrections officers refused to feed him or provide him with showers. (*Id.* ¶ 5.) Luciano asserts that Baumbach did nothing in response. (*Id.*)

Against Defendant Kathryn McCarthy, Luciano asserts that she is the medical supervisor at SCI-Coal Township, and that the medical department failed "to give [him] proper Treatment or have [him] taken to a Hospital," and that they have ignored his medical condition since 2007. (*Id.* ¶ 6.)

Luciano asserts that Defendant James Lindberg is the librarian at SCI-Coal Township, and that he "[refused] to make any Photocopies for Plaintiff," and that is "why the Superior Court Closed My Case." (*Id.* ¶ 7.)

Luciano asserts that Defendant Therese Jellen is the mail room supervisor and that during the time that he was in the RHU "[his] Newspaper's were not being delivered" by the mail room. (*Id.* ¶ 9.)

---

[2]Sergeant Burns was a party to this case in Plaintiff's original complaint, but Plaintiff has not brought any claims against Burns in his Amended Complaint.

As to Defendant L.S. Kerns-Barr, Luciano asserts that she was the hearing examiner for institutional misconduct at SCI-Coal Township, and that she would not permit him to talk at misconduct hearings, would yell and curse at him, and told him that if he did not "[follow] her rules" he was going to have "much more problem[s] in here, you may not Wake up to see another day." (*Id.* ¶ 10.)

Luciano asserts that Defendant David McCoy told him that he would help fix the problems that Luciano was facing, but that a couple of days later he was assaulted by other corrections officers. (*Id.* ¶ 13.)

Luciano asserts that Defendant Cindy Watson is the Chief Grievance Coordinator for the Department of Corrections, and that she "is [responsible] for refusing lots of [Plaintiff's] Appeals that Plaintiff sent her even [though] Plaintiff [met] all the Criteria." (*Id.* ¶ 14.)

As to Defendant Jeffrey Fago, Luciano asserts that Fago was present and participated in an August 20, 2008 assault by corrections officers. (*Id.* ¶ 15.) Specifically, he alleges that his head was slammed against the wall, and that his arms were almost broken. (*Id.*)

Finally, as to Defendant Jeffrey Madden, Luciano alleges that on March 30, 2008, Madden and other corrections officers gave him a tray of food without bread or

meat. When Luciano complained and then later refused to return the tray, he asserts that Madden and the others extracted him from his cell, sprayed him with mace five or six times and then assaulted him. (*Id.* ¶ 16.)

## II.   Legal Standard - Motion to Dismiss

A complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)(citations omitted). As the Supreme Court instructed in *Ashcroft v. Iqbal*, — U.S.— , 129 S. Ct. 1937 (2009), "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (alterations in original).) In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public

record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v.*

*Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) *quoted in Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247,252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. __Discussion__

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v.*

8

*California*, 444 U.S. 277, 285 (1980).[3]  A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

In the instant motion to dismiss, Defendants argue that the court should dismiss Luciano's claims against them in their official capacities because they are immune from suit by virtue of the Eleventh Amendment.  They further argue that, with the exception of Plaintiff's claims against Defendants Fago and Madden, Plaintiff's claims against Defendants in their individual capacities fail because he has failed to state a cause of action upon which relief can be granted.  The court will discuss each argument in turn.

---

[3]  The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute."  *Martinez*, 444 U.S. at 285.

## A.    Official Capacity Claims: Eleventh Amendment

Defendants contend that Luciano's claims against them in their official

capacities are barred by the Eleventh Amendment to the United States Constitution.[4]

The court agrees.

In the absence of consent, a suit in federal court against the state or one of its

agencies is barred by the Eleventh Amendment.  *Alabama v. Pugh*, 438 U.S. 781, 782

(1978)(per curiam); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100

(1984).  The Department of Corrections is a state agency, and claims against state

officials in their official capacities for damages are treated as suits against the state.

*See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Pennsylvania has not waived its Eleventh Amendment immunity to be sued in

civil rights cases, *see* 42 Pa. Cons. Stat. Ann. § 8521(b), and 42 U.S.C. § 1983 does

---

[4]The Eleventh Amendment to the United States Constitution reads:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizen of Subjects of any Foreign State.

U.S. Const. amend. XI.  While the amendment by its terms does not bar suits against a state by its own citizens, the Supreme Court has consistently held that an unconsenting state is immune from suits brought in federal courts by its own citizens as well as by citizens of another State.  *See Hans v. Louisiana*, 134 U. S. 1 (1890); *Duhne v. New Jersey*, 251 U. S. 311 (1920); *Great Northern Life Ins. Co. v. Read*, 322 U. S. 47 (1944); *Parden v. Terminal R. Co.*, 377 U. S. 184 (1964); *Employees v. Dep't of Pub. Health and Welfare*, 411 U. S. 279 (1973).

not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S.

332, 342 (1979). Accordingly, Luciano's claims against all of the Defendants in their

official capacities fail as a matter of law and will be dismissed.

**B.      Plaintiff's claims against Defendants Dascani, Watson, Piazza, Varano, Mushinski, McCarthy, McMillan, Baumbach, and Jellen in their individual capacities**

It is well established that civil rights claims cannot be premised on the theory of

*respondeat superior*. *Rode*, 845 F.2d at 1207. Rather, each named defendant must be

shown, via the complaint's allegations, to have been personally involved in the events

or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72

(1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).

Liability cannot be based solely on the basis of a defendant's supervisory capacity.

The plaintiff must allege that the official had knowledge of, or acquiesced in, any

purported acts of constitutional mistreatment. *See Rode*, 845 F.2d at 1207.

Furthermore, the mere failure to act in the face of an unconstitutional act committed

by one or more subordinates cannot serve as a basis for the imposition of civil rights

liability for a supervisor. *Young v. Keohane*, 809 F. Supp. 1185, 1201 (M.D. Pa.

1992) (citing *Rizzo*, 423 U.S. at 376).

In his Amended Complaint, Luciano seeks to impose liability on Defendants Dascani and Watson based solely on their role in denying his grievances. However, inmates do not have a constitutional right to a grievance procedure, and the state creation of such a procedure does not create any federal constitutional rights. *See Travillion v. Leon*, 248 Fed. Appx. 353, 356 (3d Cir. 2007) (unpublished) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases)); *see also Wilson v. Horn*, 971 F. Supp. 943 (E.D. Pa. 1997). Because the claims against Dascani and Watson are based solely on their role in the denial of his grievances, these allegations are insufficient for purposes of alleging personal involvement in misconduct that violated Luciano's constitutional rights — an essential element in Plaintiff's § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that to state a cause of action under § 1983, a plaintiff must demonstrate, among other things, that the defendants' conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States). Accordingly, the court will grant Defendants' motion to dismiss Luciano's amended complaint against Defendants Dascani and Watson.

The allegations in Luciano's complaint also make it clear that he seeks to impose liability against Defendants Piazza, Varano, Mushinski, McCarthy, McMillan,

Baumbach, and Jellen because of their positions as supervisors. In essence, he alleges that he told these Defendants of the abuses he encountered and the conditions that he suffered, and they failed to take corrective action or prevent future unconstitutional conduct by other employees.

None of the allegations against these Defendants is anything other than a general claim of abuse or a conclusory allegation that these Defendants are liable because they did not prevent or remedy the abuse. There are no allegations, supported by facts, suggesting that any of these Defendants directed, knew of, or acquiesced in the denial of Plaintiff's constitutional rights. Thus, Luciano has failed to state a cause of action under § 1983 as a matter of law.

Accordingly, the court will grant Defendants motion to dismiss Luciano's claims against Defendants Dascani, Watson, Piazza, Varano, Mushinski, McCarthy, McMillan, Baumbach, and Jellen in their individual capacities. The court will not permit Luciano additional leave to amend his complaint as to these Defendants. Luciano has already been granted leave of court with specific instructions about the need to specify the precise actions of Defendants which have resulted in a constitutional violation. (*See* Aug. 17, 2009 Mem. & Order, Doc. 9.) Any further

amendment as to these Defendants would only unduly delay the litigation of this case and would be futile.

**B.**   **Claims against Defendants Fago, Madden, McCoy, Lindberg, and Kerns-Barr in their individual capacities**

Defendants concede that Luciano's claims against Defendants Fago and Madden in their individual capacities should be permitted to go forward. (*See* Br. in Supp. of Mot. to Dismiss, Doc. 25 at 10-11.) Thus, the court will not address these claims further.

The allegations in Luciano's amended complaint against Defendant McCoy suffer from the same deficiencies as the other Defendants discussed in Part III.B, above. However, unlike the other Defendants, Luciano adds considerable detail in his Brief in Opposition to Defendants' Motion to Dismiss that fills in the gaps.

For instance, Luciano states that Defendant McCoy was in Luciano's cell on February 18, 2008, when Luciano was assaulted by another corrections officer. (*See* Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, Doc 26, ¶ f.) Had this information been in Luciano's amended complaint, it would have been sufficient, when viewed liberally, to survive a motion to dismiss because it could be viewed as McCoy's acquiescence to the other corrections officer's assault of Luciano.

14

The same is true for Defendant Lindberg.  In his Amended Complaint, Luciano alleges simply that Lindberg refused to make photocopies for him, and "[t]hat's why the Superior Court Closed My Case."  (Amend. Compl., Doc. 11, ¶ 7.)  However, in his brief, Luciano asserts that he "repeatedly advised Defendant Lindberg that [he] had a Dead[line] in Pa. Superior Court and needed Cop[y] Work. . . . [and] Plaintiff missed his Dead[line] and his opportunity to perfect his Direct Appeal: On May 1, 2008, Case # 1274-MDA-2007."  (*See* Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, Doc 26, ¶ k.)  Again, had this information been in Luciano's amended complaint, it would have been sufficient, when viewed liberally, to survive a motion to dismiss because it would, if ultimately proven, have demonstrated that Lindberg's failure to permit Luciano to make photocopies caused him actual harm in the preparation of his legal case.  *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.");  *see also Lewis v. Casey,* 518 U.S. 343, 349 (1996) (holding that *Bounds* requires a showing of actual injury).

Luciano's claims against Defendant Kerns-Barr also fail.  He asserts that Kerns-Barr mishandled his misconduct hearings, she would not permit him to talk at the

hearings, would yell and curse at him, and told him that if he did not "[follow] her rules" he was going to have "much more problem[s] in here, you may not Wake up to see another day." (Amend. Compl., Doc. 11, ¶ 10.) While these allegations are serious, Luciano is not specific about the timing or context of the statements, and only vaguely identifies actionable issues. This is insufficient. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (alterations in original).)

In Pennsylvania, regulations provide for certain procedures regarding inmate discipline, including written notice of charges, a hearing before an impartial examiner, an opportunity for the inmate to tell his story and present relevant evidence, assistance at the hearing, a written decision with reasons for the decision, and an opportunity to appeal. *See* 49 Pa. Code § 93.10. In his amended complaint, Luciano asserts that Kerns-Barr did not permit him to talk at a hearing, but he fails to provide any more specifics, and fails to assert that any of the other provisions of § 93.10 were violated. However, because it appears that Luciano could supplement his allegations as to Defendant Kerns-Barr, the court will permit him to further amend his complaint.

Thus, although the allegations made by Luciano in his amended complaint against Defendants McCoy, Lindberg, and Kerns-Barr are insufficient and the court will grant their motion to dismiss, because it is clear that amendment to his pleadings as to his claims against these Defendants would not be futile, the court will grant him limited leave to amend his complaint.

**D.     Summary**

Plaintiff has demonstrated that an amended pleading would not be futile as to his claims against Defendants McCoy, Lindberg, and Kerns-Barr.  Furthermore, Defendants have conceded that Plaintiff's current complaint is sufficient in his claims against Defendants Fago and Madden.  Accordingly, the court will grant Luciano leave to file an Amended Complaint against these Defendants in their individual capacities only.[5]

All Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution, and Plaintiff may not reassert those claims in a second amended complaint.  Plaintiff may also not reassert claims against the other Defendants in their individual capacities.  To allow further

---

[5]The court makes no finding as to Defendant Dr. Ikram as he is not a party to this motion. *See* n.1, above.

amendment as to the other Defendants would constitute undue delay and would be futile; Plaintiff has come forward with no evidence and no argument to the contrary.

In preparing his second amended complaint, Luciano is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, a complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 at *2 (M.D. Pa.

June 6, 2006) (citing *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)).

In addition, Luciano is advised that the second "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."[6] *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976). If Luciano fails to submit a second amended complaint consistent with this memorandum, and in the time allowed in the attached order, the case will proceed on his amended complaint only as to Defendants Fago, Madden and Dr. Ikram.

The court will issue an order consistent with this memorandum.

s/Sylvia H. Rambo
United States District Judge

Dated: March 25, 2010.

---

[6]In this regard, although the allegations in Plaintiff's amended complaint against Defendants Madden and Fago were sufficient, to the extent that Plaintiff wishes to proceed with his claims against these Defendants he must reassert them in his second amended complaint. He may not rely on the fact that those claims were well-pled in his amended complaint. Instead, he must reassert them in any new filing.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN APONTE LUCIANO,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-09-01362** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **D.A. VARANO, et al.,** | : | |
| | : | |
| **Defendants** | : | |

# O R D E R

**AND NOW**, in accordance with the attached memorandum of law, **IT IS
HEREBY ORDERED THAT**:

1) Defendants' motion to dismiss, (Doc. 21), is **GRANTED**.

2) Within twenty (20) days of the date of this order, Plaintiff may file a second
amended complaint in accordance with the Federal Rules of Civil Procedure against
Defendants Fago, Madden, McCoy, Lindberg, Kerns-Barr, and Dr. Ikram in their
individual capacities.  No other claims against any of the other Defendants will be
considered.

3) Failure to file a second amended complaint in accordance with the attached memorandum will result in the case proceeding on Plaintiff's amended complaint, (Doc. 11), against only Defendants Fago, Madden, and Dr. Ikram.


          s/Sylvia H. Rambo
          United States District Judge

Dated:  March 25, 2010.