IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN APONTE LUCIANO,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:09CV-01362** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **J.F. FAGO; JEFFREY MADDEN;** | : | |
| **D.A. McCOY; JAMES LINDBERG;** | : | |
| **L.S. KERNS-BARR; DR. IKRAM,** | : | |
| **a.k.a. JOHN DOE,** | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

## I.   Background

Before the court is Plaintiff Bryan Aponte Luciano's ("Luciano") second amended complaint, (Doc. 38), and Defendants' motion to partially dismiss that complaint, (Doc. 43.)  Luciano is an inmate currently confined at the State Correctional Institute at Houtzdale, however, all of his claims stem from his prior period of incarceration at the State Correctional Institute at Coal Township.

This case has a long procedural history.  Luciano originally named sixty-six Defendants and alleged that these Defendants harassed, intimidated, threatened, and assaulted him, as well as, denied him necessities, access to court, and tampered with his mail.  The court screened the case pursuant to 28 U.S.C. § 1915, found the

complaint insufficient, and ordered Luciano to file an amended complaint. (*See* Doc. 9.) On September 8, 2009, Luciano filed an amended complaint. (Doc. 11.) In his amended complaint, Luciano named fourteen Defendants who where either current or former employees of the Pennsylvania Department of Corrections ("Corrections Defendants"), as well as an additional Defendant who was not employed by the Department of Corrections.

On November 18, 2009, the Corrections Defendants filed a motion to partially dismiss Luciano's amended complaint. By memorandum and order dated March 25, 2010, the court granted the Correction Defendants' motion, but permitted Luciano to amend his complaint and provide additional factual detail as to his claims against five of the Defendants. (*See* Doc. 35, Mem & Order, Mar. 25, 2010.)

On April 14, 2010, Luciano filed a second amended complaint. (Doc. 38.) In his second amended complaint, Luciano alleges separate excessive use of force claims against Defendants J.F. Fago, Jeffrey Madden, and D.A. McCoy. He also asserts a denial of access to courts claim against Defendant Lindberg. While denying the allegations and the merits, Corrections Defendants concede that the second amended complaint survives as to these claims.

Additionally, Luciano alleges two separate conditions of confinement claims against Defendant D.A. McCoy, and a due process claim against Defendant Kerns-Barr. The second amended complaint also asserts a conspiracy claim against all Defendants.[1] Corrections Defendants have challenged the sufficiency of the evidence as to each of these claims. Rather than reiterate the facts supporting all of Plaintiff's claims, the court will focus only on those claims actually challenged by the Corrections Defendants.

In his second amended complaint, Luciano brings civil rights claims against Corrections Defendants solely in their individual capacities. Luciano alleges the following as to Defendants McCoy and Kerns-Barr:

> D.A. McCoy – On February 18, 2008 Lt. D.A. McCoy was present on Pod-3 HC, Cell 2016 when plaintiff was physically assaulted by C.O. Butts and Sgt. Procopio. Plaintiff pleaded with Lt. McCoy to make [these] officers stop physically abusing me and said Lt. failed to do anything to stop the beating. Subsequent to said attack correction officers systematically began withholding mail, newspapers, food trays, showers and personal hygiene products and a dictionary bought by the Plaintiff. Plaintiff complained to prison staff and on or about April 13, 2008 Deputy McMillian assigned Lt. McCoy to investigate and personally address this Plaintiff's concerns and complaints. Defendant

---

[1] In his second amended complaint, Luciano continues his claim against a non-Department of Corrections employee, Dr. Ikram. Thus far, Dr. Ikram is further unidentified, has not been served with original service of process, and is unrepresented by counsel.

McCoy said that he would address the problems but nothing changed.  Even after several COs were switched, the new officers continued with the same behavior of depriving Plaintiff of his food, mail and showers.  When Plaintiff told Lt. McCoy of the continued behavior, Defendant McCoy stated that he was 'not the person to talk to.'  Subsequently, Defendant McCoy was personally supervising when this Plaintiff was delivered a food tray minus the meat and bread.  When alerted by Plaintiff the defendant acknowledged the problem but continued to pass out food to other inmates and never came back.

L.S. Kerns-Barr – Plaintiff repeatedly tried to rectify the issues throughout this complaint on December 27, 2005, December 28, 2005, Several times in the year 2007 (exact dates unknown) and August 5, 2008.  Defendant Kerns-Barr falsified documents and records, falsely accused and covered up the wrong doings of the other defendants.  Said defendant denied Plaintiff the opportunity to present witnesses and repeatedly uped [sic] the severity of the sanctions.

Plaintiff was receiving misconducts for no reason and/or made up reasons and when Plaintiff went before Kerns-Barr as soon as this Defendant saw Plaintiff she stated, 'I don't know what the fuck you are doing here again' and before this Plaintiff could present his position she would respond, 'No, no I do not want to hear your bull shit you're either guilty or not guilty['] and when I would assert my innocence she would reply [']do you think I care, I find you guilty.['] Said Defendant would then go far and beyond the normal sanction ranges and sentence me harshly and made statements such as 'I'm going to make sure that you don't fucking get out of the RHU until you are an old man['] and would then tell the guards 'get this spit out of here before I slap him.'

4

(Doc. 38, Second Amend. Compl. ¶¶ 10, 12.)  In addition to these allegations, Luciano

states, in a section titled "Claims for Relief," that "[t]he actions of all cited Defendants

was a conspiracy to violate the constitutional rights of this Plaintiff in violation of 42

U.S.C. § 1983." (*Id.* ¶ 14.)  Luciano mentions a conspiracy only one other time in his

second amended complaint, when he refers to the actions of J.F. Fago and other

unnamed guards who allegedly assaulted him in his cell, and states that he thought

that the actions taken by the guards on or about August 8, 2008, were a conspiracy.

(*See id.* ¶ 8.)


## II.    **Legal Standard - Motion to Dismiss**

A complaint must do more than allege the plaintiff's entitlement to relief; it

must "show such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d

203, 211 (3d Cir. 2009)(citations omitted).  As the Supreme Court instructed in

*Ashcroft v. Iqbal*, — U.S.— , 129 S. Ct. 1937 (2009), "[w]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (alterations in

original).)  In other words, a claim has "facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for

6

summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) *quoted in Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III.  Discussion

A plaintiff, in order to state a viable claim pursuant to 42 U.S.C. § 1983, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).  A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[2]  A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

In the instant motion to dismiss, Defendants argue that the court should dismiss Luciano's claims of conspiracy against all Defendants, his due process claim against Defendant Kerns-Barr, and his claims against Defendant McCoy that he twice deprived him of constitutionally adequate conditions of confinement.  The court will address each of these in turn.

---

[2]  The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute."  *Martinez*, 444 U.S. at 285.

**A.     Conspiracy Claim**

In order to demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993); *see also Royster v. Beard,* 308 F. App'x 576, 579 (3d Cir. 2009). This means that there must be evidence of "(1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right. " *Williams v. Fedor,* 69 F. Supp. 2d 649, 665-66 (M.D. Pa. 1999) (*quoting Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir. 1999)).

Here, a review of the second amended complaint shows that Luciano makes scant and conclusory allegations that Defendants conspired with one another; there are no facts suggesting that the incidents complained of in his complaint are temporally or causally related. For example, Luciano alleges that three Defendants were involved in three separate assaults which occurred on three different dates, and an alleged denial of access to courts incident that occurred on yet another date. (*See* Doc. 38, Second Amend. Compl. ¶¶ 8-11.) There are no allegations that these Defendants agreed to act in concert or with the specific intent to perpetrate the alleged constitutional violations.

9

Even liberally construed, Luciano's complaint is nothing more than the formulaic recitation of *some*, not all, of the elements of a conspiracy claim, and does not come close to the pleading standard required to state a federal cause of action. *See Iqbal*, 129 S. Ct. at 1949 (stating that a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice").

In his brief in opposition to Defendants' motion to dismiss, Luciano does not elaborate on the nature of the conspiracy that he alleges. Instead, he simply reiterates that during the entire time he was incarcerated at SCI-Coal Township he was on their "shit list," and this alone is evidence of a conspiracy. (*See* Doc. 45, Br. in Opp'n to Mot. to Dismiss at 5-6.) Luciano provides no further elaboration. While the court is required to construe *pro se* proceedings liberally, and hold them to a less stringent standard than filings made with the benefit of an attorney, a *pro se* plaintiff must nonetheless assert facts which, when taken as true, plausibly state a cause of action upon which relief can be granted. Luciano has failed to do so and the court will not permit him additional leave to amend. The complaint in this case is already on its

third incarnation and Luciano and has been given ample opportunity to amend his complaint with direction as to the required specificity. (*See* Doc. 35, Mem. & Order, Mar. 25, 2010.) Accordingly, the court will grant Defendants' motion to dismiss Luciano's conspiracy claim with prejudice as he as been given numerous chances to amend his complaint, and granting additional leave to amend would be futile.

### B.     Due Process Claim against Defendant Kerns-Barr

Defendants allege that Luciano's claim against Defendant Kerns-Barr should be dismissed because she was sued simply for her role in the misconduct hearing process, and that Luciano does not allege that she violated any of the due process requirements found in the Pennsylvania Code for handling inmate misconduct hearings. Defendants also contend that Luciano has failed to identify any deprivation of liberty or property interests that would implicate his constitutional rights. It is this last argument that the court finds persuasive.

The Due Process Clause offers procedural and substantive protections against deprivations of "life, liberty, or property." U.S. CONST. amend. XIV, § 1. The threshold issue of due process analysis is whether a plaintiff has been deprived of one of these protected interests. In the instant action, Luciano is asserting a liberty

interest, namely, his interest in avoiding a disciplinary hearing which he says was procedurally unfair.

An inmate's procedural due process rights are not triggered by a disciplinary proceeding unless that proceeding "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Young v. Beard*, 227 F. App'x 138, 141 (3d Cir. 2007) (*citing Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Such a hardship may occur where a disciplinary hearing leads to imposition of an extended sentence. *Allah v. Seiverling*, 229 F.3d 220, 223-24 (3d Cir. 2000). Where, however, an inmate's sentence is unaffected by the outcome of a disciplinary hearing, no "atypical and significant hardship" is imposed and a liberty interest is not triggered. For example, the United States Court of Appeals for the Third Circuit has held that neither fifteen months in administrative custody, *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997), nor 270 days in disciplinary custody amounts to a deprivation of a cognizable liberty interest where the punishments are unaccompanied by a lengthened prison sentence, *Thomas v. Rosemeyer*, 199 F. App'x 195, 198 (3d Cir. 2006); *see also Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (upholding dismissal of due process claim because seven months' disciplinary confinement was insufficient to constitute a due process deprivation).

In the instant case, Luciano does not allege what happened as a result of the disciplinary hearings at issue. Instead, he simply asserts that Defendant Kerns-Barr "repeatedly uped [sic] the severity of the sanctions," and "met[ed] out stiff sanctions." (Doc. 38, Second Amend. Compl. ¶¶ 12, 17.) There is no indication that these sanctions affected Luciano's ultimate release date. Accordingly, the court finds that Luciano did not possess a liberty interest in avoiding disciplinary proceedings, and any failure by Defendants Kerns-Barr to permit Luciano to present his side of the case did not rise to the level of a Constitutional deprivation of due process.

To be sure, Luciano alleges that Defendant Kerns-Barr behaved in an inappropriate and hostile manner by cursing at him and using derogatory and humiliating language. While certainly not condoning this conduct, it simply does not give rise to a violation of Luciano's due process rights.

Luciano also seems to allege that Defendant Kerns-Barr's actions somehow violated his rights under the Eighth Amendment to the United States Constitution. The Eighth Amendment protects prisoners from deprivations of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Satisfaction of this standard requires "an allegation that the prisoner has been denied 'basic human needs, such as food, clothing, shelter, sanitation, medical

13

care and personal safety' from physical assault." *Thomas*, *supra,* 199 F. App'x at 198 (*quoting Griffin*, 112 F.3d at 706). Luciano alleges no such thing.

Accordingly, the court will grant Defendant Kerns-Barr's motion to dismiss Luciano's second amended complaint. The court will *not* permit Luciano to file another amended complaint. Luciano has already been granted leave to amend with specific instructions about the need to specify the precise nature of his claims against Defendant Kerns-Barr. (*See* Doc. 35, Mem. & Order, Mar. 25, 2010, at 14-17.) Any further amendment of this claim would only unduly delay the case and would be futile. Since this is the only claim contained in Luciano's second amended complaint against Defendant Kerns-Barr, the court will dismiss her as a party in this case.

### C.    Conditions of Confinement Claims Against Defendant McCoy

While conceding that Luciano's excessive force claims against Defendant McCoy are well plead, Defendants seek to have the court dismiss his two conditions of confinement claims against McCoy. Defendants contend that these claims are factually insufficient in that Luciano fails to state the date, time, and place of the alleged deprivation of food, mail, and showers as well as the actors involved. McCoy also asserts that Luciano has failed to allege that McCoy played an active role in any

14

of these deprivations other than a failure to rectify them once he learned that they occurred.

Luciano alleges that on various occasions certain unnamed officers systematically began withholding mail, newspapers, food trays, showers, personal hygiene products, and a dictionary bought by Luciano. (Doc. 38, Second Amend. Compl. ¶ 10.) Luciano alleges that he complained to prison staff about this treatment and that on or about April 13, 2008, Deputy McMillian assigned McCoy to investigate and personally address these concerns. According to Luciano, McCoy said that he would address the problems but nothing changed, and "even after several COs were switched, the new officers continued with the same behavior of depriving Plaintiff of his food, mail and showers." Finally, according to Plaintiff, he told McCoy of the continued behavior and McCoy stated that he was "not the person to talk to." (*Id.*)

Luciano also asserts that McCoy violated his Eighth Amendment rights at an unidentified time when McCoy was supervising the delivery of food and "Plaintiff was delivered a food tray minus the meat and bread[,] [and] [w]hen alerted by Plaintiff the defendant acknowledged the problem but continued to pass out food to other inmates and never came back." (*Id.*)

It is well settled that to be held liable for a violation of another's civil rights, a Defendant must have some personal involvement in the alleged constitutional deprivation, and a complaint must allege as much. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which plaintiff's claims are based. *Id.* A civil rights complaint must state time, place, and responsible persons. *Id.* As the Court stated in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

845 F.2d at 1207 (Citations omitted).

It is also well established that liability in a civil rights action cannot be predicated solely on the doctrine of *respondeat superior*. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (claims brought under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior*) (*citing Rode*, 845 F.2d at 1207). "Supervisors may be held liable under § 1983 for constitutional violations of their subordinates if it is shown that they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the]

constitutional harm.'" *Tsakonas v. Cicchi*, No. 07-4115, 2009 WL 500567, at *3 (3d Cir. Jan. 30, 2009) (internal citations and quotations omitted).

An individual in a supervisory position may be considered personally involved in the violation of an inmates' civil rights if they have personal knowledge of policies, practices or workplace customs under their control which directly lead to the plaintiff's constitutional harm, and the supervisor acts with either indifference towards or support for the source of constitution harm under their control. *See Sample v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1999) (supervisory liability may attach if a supervisor's actions or inactions were the "moving force" behind the harm suffered by the plaintiff). "Thus, individual liability can be imposed under Section 1983 only if the state actor played an 'affirmative part' in the alleged misconduct." *Rosado v. Adams*, 3:07-CV-1914, 2009 WL 1181217, *4 (M.D. Pa. Apr. 30, 2009) (*citing Rode*, *supra* at 1207-08). This "affirmative part" requires something more than after the fact knowledge that constitutional violations occurred. *See e.g.*, *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).

Here, the allegations in Luciano's second amended complaint asserting conditions of confinement claims against Defendant McCoy are nothing more than a general claim of abuse, or a conclusory allegation that he is liable because he did not prevent or remedy the abuse. There are no allegations, supported by facts, suggesting that McCoy directed, knew of, or acquiesced in the denial of "mail, newspapers, food trays, showers and personal hygiene products and a dictionary." (Doc. 38, Second Amend. Compl. ¶ 10). Instead, Luciano alleged that McCoy was assigned to investigate these allegations, but that nothing changed. These allegations are insufficient as a matter of law.

Even assuming that Luciano's allegation that McCoy participated in the denial of meat or bread on his food tray on one occasion is sufficient to constitute personal involvement on the part of McCoy, a single instance of the deprivation of a meal, or in this case, part of a meal, is insufficient to state a constitutional claim. *See Lindsey v. O'Conner*, 4:CV-08-1683, 2008 WL 4722617, * 7 (M.D. Pa. Oct. 23, 2008) ("Th[e] purported deprivation of a single meal is simply not of such magnitude as to rise to the level of an Eighth Amendment violation."); *see also Robles v. Coughlin*, 725 F.2d 12, 15 (2nd Cir. 1983). Thus, Luciano's allegation that McCoy personally participated in

giving him a food tray that did not contain meat or bread, even if true, does not raise a substantial deprivation of rights implicating the Eighth Amendment.

Accordingly, the court will grant Defendants' motion to dismiss the allegations contained in Paragraph 10 of Luciano's complaint alleging a conditions of confinement claim against Defendant McCoy.[3] The court will *not* permit Luciano to file another amended complaint. Luciano has already been granted leave to amend with specific instructions about the need to specify the precise nature of his claims against Defendants. (*See* Doc. 35, Mem. & Order, Mar. 25, 2010, at 14-17.) Any further amendment of this claim would only unduly delay the litigation of this case and would be futile.

---

[3] Luciano's other allegations against McCoy — contained in the first two sentences of Paragraph 10 of his Second Amended Complaint — were not challenged by Defendants, thus, they remain intact.

## IV.    <u>Conclusion</u>

In accordance with the foregoing, the court will grant Defendants' motion to partially dismiss Plaintiff's second amended complaint.  Plaintiff's conspiracy claim against all Defendants will be dismissed.   Plaintiff's claims against Defendant Kerns-Barr will de dismissed, and she will be dismissed as a party in this case.  Finally, Plaintiff's claims against Defendant McCoy for alleged deprivation of constitutionally adequate conditions of confinement will be dismissed.  Plaintiff will not be permitted further leave of court to amend his complaint as doing so would unduly delay this case and would be futile.

The following claims remain: Plaintiff's excessive force claims against Defendants Fago, Madden, and McCoy contained in paragraphs eight, nine, and the first two sentences of paragraph ten of his second amended complaint.  Additionally, Plaintiff's allegations of denial of access to courts against Defendant Lindberg contained in paragraph eleven survives.  These are the only claims and the only parties that are permitted to move forward.  The court will issue an appropriate order.

s/Sylvia H. Rambo

United States District Judge

Dated:  November 23, 2010.

20

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN APONTE LUCIANO,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:09-CV-01362** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **J.F. FAGO; JEFFREY MADDEN;** | : | |
| **D.A. McCOY; JAMES LINDBERG;** | : | |
| **L.S. KERNS-BARR; DR. IKRAM,** | : | |
| **a.k.a. JOHN DOE,** | : | |
| | : | |
| **Defendants** | : | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY**

**ORDERED THAT** Defendants' motion to partially dismiss Plaintiff's second

amended complaint, (Doc. 43), is **GRANTED**. Defendant L.S. Kerns-Barr is

dismissed as a party from this case, and all claims against her are dismissed with

prejudice. Plaintiff's conspiracy claims against all Defendants are dismissed with

prejudice. Plaintiff's conditions of confinement claims against Defendant D.A.

McCoy are dismissed with prejudice.

The only claims that remain are Plaintiff's excessive force claims against Defendants Fago, Madden, and McCoy contained in paragraphs eight, nine, and the first two sentences of paragraph ten of his second amended complaint, and his denial of access to courts claim against Defendant Lindberg contained in paragraph eleven. The court will separately issue a scheduling order setting a date for trial and applicable pretrial deadlines.

                                                      s/Sylvia H. Rambo
                                                   United States District Judge

Dated:  November 23, 2010.